POLLET PERRIZO, JR., v. JAMES KESLER ET AL.

*Schools and school-districts—Certiorari—Organization of district—Constitutional law.*

1. Proceedings whereby a school-district is created out of existing districts cannot be reviewed by *certiorari* after the district has assumed the functions of a corporation, the remedy being by *quo warranto;* citing *School-Dist. v. Inspectors,* 27 Mich. 3; *Parman v. Inspectors,* 49 Id. 63.

2. In affirming the constitutionality of Act No. 176, Laws of 1891, which authorizes the organization of any township in the Upper Peninsula into a single school-district, the Court hold:
    *a*—The provision authorizing the township board and school inspectors of the township to determine whether a majority of the qualified electors of the township have signed the petition that notice be given of the election of officers for the new dis-

trict at the next annual township meeting, is sufficient, there being no constitutional objection to such a tribunal, or to making their determination final; citing *Friesner v. Common Council*, 91 Mich. 504.

*b*—The provision for filing a certified copy of the petition, and the findings and doings of the township board and school inspectors thereon, with the secretary of the board of school inspectors of the county, is sufficiently complied with by filing such papers with the county commissioner of schools, an office created by Act No. 147, Laws of 1891, which repealed the law providing for the former office.

*c*—It is within the power of the Legislature to vest in the board of education of the new district discretion to determine the length of time schools shall be kept in any one year, beyond the constitutional requirement of three months, it being the same discretion now exercised by trustees of ordinary school-districts.

*d*—There is no constitutional objection to the provision that all school property within the limits of the township shall, by force of the act, become the property of its public schools, and that all of the debts and liabilities of the primary districts of the township, as they existed prior to its incorporation under the act, shall become the debts and liabilities of the public schools of said township.

*Certiorari* to review proceedings organizing the township of Stephenson, Menominee county, into a single school-district, under Act No. 176, Laws of 1891. Argued June 30 and July 1, 1892. Writ dismissed October 4, 1892. The facts are stated in the opinion.

*B. J. Brown,* for petitioner.

*Norwood Bowers ( C. R. Brown & Son,* of counsel), for respondents.

MORSE, C. J. This case involves the constitutionality of Act No. 176, Laws of 1891.

This act authorizes the organization of any township in the Upper Peninsula into a single school-district, upon certain steps being taken by the qualified electors of such township:

*First.* A petition signed by a majority of such electors must be filed with the township clerk, at least 15 days before the annual township meeting, petitioning the township board to give notice that at such township meeting the officers for such organized school-district will be chosen, and such other business transacted as shall be necessary thereto.

*Second.* Upon filing this petition, the township clerk notifies the members of the township board and the school inspectors of the township to attend a special meeting, to be held not more than 5 days thereafter. At this meeting, the names upon the petition are compared with the names upon the list of registered voters qualified to vote at the preceding election. If it is found that a majority of such qualified electors have signed the petition, the township board is required to give notice that at the then succeeding township meeting officers will be chosen for such organized school-district; and upon filing a certified copy of the petition, and the findings upon it, with the county clerk and the secretary of the board of school inspectors of the county, such township becomes a single school-district, subject to the general laws of the State, so far as the same may be applicable.

Some of the other provisions of the act will be referred to in the discussion of the objections raised against the act.

The constitutional objections to the act are stated as follows:

1. That the act makes no provision for determining whether the signatures to the petition are genuine.

2. The act permits the trustees to exercise their own judgment as to the length of time which any school within the district may be maintained in the year, longer than three months.

3. That section 13 seeks to transfer the school property of the several districts to the township school-district, and to impose the debts and liabilities of the old districts upon the township district, and that this amounts to a confiscation of the property of the citizen.

4. That the act destroys the essential attributes of the primary school-district, as it existed at the formation of the Constitution.

5. That the act requires a copy of the petition and findings to be filed with the county clerk and secretary of the board of school inspectors, and that there is no such officer as secretary of the board of school inspectors.

We will take up the objections in their order.

1. The provision for determining whether a majority of the legal voters of the township have signed the petition is sufficient. The township board and the school inspectors are as well qualified to determine this matter as any other tribunal could be. They have before them the petition and the list of registered voters at the last election, and the means are at hand to ascertain whether or not the signatures to the petition are genuine. There is no constitutional objection to such a tribunal, or the making of their determination a final one. *Friesner v. Common Council,* 91 Mich. 504. And certainly, after the electors at the township meeting have ratified the action of such board by proceeding to elect officers for such school-district, it cannot be said that the majority of such electors have not signified in a proper way their desire to be organized as a township into a single school-district. It must be remembered that the Constitution of 1850 left to the Legislature, as did the preceding Constitution, the establishment of a system of primary schools, restricting the Legislature only by providing that a school shall be kept, without charge for tuition, at least three months in each year, and that all instruction in said schools shall be conducted in the English language. All other matters seem to be within the discretion of the Legislature. *Belles v. Burr,* 76 Mich. 1.

2. The discretion given to the trustees as to the length of time any school may be maintained in the year, beyond the constitutional requirement of three months, is within the power of the Legislature, and is the same discretion now exercised by trustees of ordinary school-districts. See section 8, Act No. 176, Laws of 1891.

3. Section 13 of the act provides that—

" All school property, both real and personal, within the limits of a township incorporated as aforesaid, shall, by force of this act, become the property of the public schools of such township, and all debts and liabilities of the primary school

districts of said township, as they existed prior to its incorporation under the provisions of this act, shall become the debts and liabilities of said public schools of the township so incorporated."

While the injustice and inequity of this section may well be admitted, in a case where the inhabitants of an existing district within the township may be well equipped in school buildings and other property, and out of debt, while other districts are in debt and without much property, and are compelled by a majority of the electors of the township, against their will, to be incorporated into a single district with the others, and surrender their property into the common fund, and bear their proportion of the debts of the other districts within the township, yet there is no constitutional objection against it. 1 Dill. Mun. Corp. § 185. The history of our State is full of such legislation in the enlargement of the boundaries of municipalities, and the right so to legislate cannot now be questioned.

4. The next objection is disposed of by the fact already referred to, that our Constitution expressly relegates the primary schools to the discretion of the Legislature.

5. This objection rests upon a technicality, to wit, that there is no such office as secretary of the board of county school inspectors. The Legislature of 1891, by Act No. 147, repealed the law which provided for the office of secretary of the board of inspectors for the county, and provided for a county commissioner of schools, whose duties are, in a clerical way, made substantially identical with those of such secretary. This Act No. 147 seems to have been overlooked by the Legislature when the act in question was passed. It is plain that a certified copy of the petition, and the doings and findings of the township board and school inspectors upon it, filed with the county commissioner of schools, would answer the purpose of the law.

Irregularities and want of jurisdiction are alleged in the formation of the district, whose officers are made defendants in this proceeding. We cannot enter into an examination of this question, as *certiorari* is not the proper remedy.

"A *certiorari* to review proceedings whereby a new schooldistrict has been created out of old districts must be applied for before the district has been organized and assumed the functions of a corporation. After that time the proper course is to take measures to try the legality of its corporate existence by *quo warranto* against the alleged corporation or its officers." *School-Dist. v. Inspectors,* 27 Mich. 3; *Parman v. Inspectors,* 49 Id. 63.

In this case the return shows that the district had been organized, officers elected, contracts entered into, and expenses incurred before the writ of *certiorari* was taken out.

The writ of *certiorari* is dismissed, with costs to defendants.

The other Justices concurred.