# OCTOBER TERM, 1907.

VILLAGE OF FAIRVIEW *v.* CITY OF DETROIT.

STATUTES—SUBJECTS AND TITLES—SUFFICIENCY—CONSTITUTIONAL
LAW.
> The title of Act No. 455, Local Acts 1907, disclosing an intention
> to annex the territory of the village of Fairview to the city
> of Detroit, is not broad enough to cover the body of the act,
> which repeals the charter of the village, annexes a part of
> the territory to the city, and leaves the remainder in the
> township of Grosse Pointe without charter government.
> (Constitution, art. 4, § 20.)

Appeal from Wayne; Hosmer, Donovan, Murphy, and
Brooke, JJ. Submitted October 9, 1907. (Docket No.
49.) Decided October 15, 1907.

Bill by the village of Fairview and others against the
city of Detroit and others to enjoin the interference with
the officers or agents of complainant village, and for
other relief. From a decree dismissing the bill, complain-
ants appeal. Reversed, and decree entered for complain-
ants.

*Moore & Moore (Daniel J. Campau,* of counsel), for
complainants.

*Timothy E. Tarsney,* for defendants.

The purpose of this bill is to enjoin the defendants from
interfering with the officers or agents of the village of
Fairview in the performance of their duties under the
village charter; from taking possession of the books of the
village and from levying and collecting taxes upon any

property within the corporate limits of said village; and from the performance of certain other acts. The rights of the parties depend upon the constitutionality of an act of the last legislature (Act No. 455, Local Acts 1907) in annexing a part of the village of Fairview to the city of Detroit. The jurisdiction of the court is not questioned. The defendants demurred to the bill of complaint, and a decree was entered dismissing the bill.

The title to the act is as follows:

"An act to annex that certain territory situate in the township of Grosse Pointe in the county of Wayne contained within the corporate limits of the village of Fairview to the city of Detroit, and to apply and make operative in said territory all statutes, laws and ordinances now or hereafter made applicable to and operative in said city."

Section 1 of the act provides:

"All that territory situate in the village of Fairview in the township of Grosse Pointe in the county of Wayne lying and being west of a line two hundred feet east of Alter Road in said village of Fairview and extending from the northerly limits of said village to Lake St. Clair, shall, by virtue of this act, be annexed to and form a part of said city of Detroit."

Section 4, so far as material, is as follows:

"On and after the said first day of May, nineteen hundred and seven, the corporate organization of the village of Fairview and all the powers and duties of the several officers thereof shall cease, and all corporate powers and authority vested in said township of Grosse Pointe, in respect to the territory hereby annexed to said city, shall cease, and thereupon all right and title to property both real and personal, and all claims and demands belonging to either said village in its corporate capacity and all right and title to real property situate within the territory hereby annexed to said city belonging to the township of Grosse Pointe in its corporate capacity shall pass to and vest in said city. The officers of said village and township respectively, shall thereupon transfer the possession and control thereof to the common council of said city, or to such officer or officers as said common council may

direct.   All moneys belonging to said village shall be paid over to said city, and all books, papers and documents belonging to said village shall be transferred and delivered to the common council of said city or to such officer of said city as they may direct.   The said city of Detroit and the township of Grosse Pointe shall assume and pay such part or portion of all the bonds, debts and obligations of every name and nature owing by said village at the date aforesaid, that is to say, the said city of Detroit shall assume and pay such portion of said bonds, debts and obligations as the assessed valuation of the property within the territory hereby annexed to said city bears to the whole assessed valuation of the territory of said village of Fairview as appears by the last assessment roll of said village, and the said township of Grosse Pointe shall assume and pay such portion of said bonds, debts and obligations as the assessed valuation of that part of the territory in the village of Fairview not so annexed to the said city of Detroit bears to the total valuation of the entire property of said village of Fairview as appears by said last assessment roll of said village."

Section 5 provides that all the moneys belonging to said village of Fairview, raised for village purposes or thereafter collected for like purposes, on account of taxes levied and assessed, shall be apportioned between the city and the township according to the relative valuation of the taxable property so annexed to said city, and the valuation of the property so assessed remaining in said township.   And the township is—

"Authorized to levy and assess upon the taxable property within that portion of the village of Fairview remaining in said township and not hereby annexed to the said city of Detroit all sums of money which, by the provisions of this act, said township of Grosse Pointe is required to assume and pay."

GRANT, J. (*after stating the facts*).   "No law shall embrace more than one object which shall be expressed in its title."   Art. 4, § 20, Const. of Michigan.   Clearly but one object is expressed in the title to this act, namely, to annex the entire territory composing the village of Fairview to the city of Detroit.   This title gave notice to

legislators and to the people of the city of Detroit, of the township and of the village of Fairview, who were the sole parties interested, that no other purpose should be found in the body of the bill. The people of Detroit might be willing that the entire territory should be annexed to the city, but might have objections to only a part. The people of the village of Fairview might be willing that their entire territory should be annexed to the city, but might seriously object that a part should be annexed and the other part left in the township with their charter repealed.

Village and city corporations are formed in order that the inhabitants thereof may acquire rights, privileges, and means of protection to their health and property which are not and perhaps cannot be exercised by townships. With nothing in the title to this act to indicate any such purpose, the inhabitants of one-third of the village of Fairview are deprived of village government, and all the rights and benefits they had acquired thereunder, and relegated to township government without any notice or opportunity to be heard. By no possible construction can it be held that provisions so radical are germane to the object expressed in the title. I find no case which better illustrates the wisdom of this provision of the Constitution. To hold that these provisions of the body of the act are germane to the object expressed in the title, would be to emasculate this provision of the Constitution and render it of no avail to the people whom it was designed to protect.

A title to detach certain territory from the village of Fairview (*Attorney General* v. *Township Board of Springwells*, 143 Mich. 523) would clearly give notice to every inhabitant of the township that his territory might be included in the body of the act. But a title to annex the whole cannot be construed as giving notice that his territory may be divided into two or more parts and attached to other municipalities than the one specified in the title, and leave him without the municipal govern-

ment under which he has been living and under which he may prefer to live, unless, as the title informs him he may, he prefers to live under a city government.

A general title to regulate the manufacture and sale of an article (*People v. Worden Grocer Co.*, 118 Mich. 606); relative to justices' courts (*Soukup v. Van Dyke*, 109 Mich. 679); to organize townships into school districts (*Perrizo v. Kesler*, 93 Mich. 280); to organize a municipal corporation, etc., is broad enough and sufficient to cover any and every subject germane to the general object stated in the title. When, however, one specific object is stated in the bill, provisions in the body of the act not germane to such specific object render the act void. *Cahoon v. Improvement Co.*, 92 Va. 367; *People v. Mellen*, 32 Ill. 181; *Davies v. Board of Sup'rs of Saginaw Co.*, 89 Mich. 295; *City of Grand Rapids v. Judge of the Superior Court of Grand Rapids*, 93 Mich. 469; *Niles v. Schoolcraft Circuit Judge,*102 Mich. 328; *Callaghan v. Judge of the Superior Court of Detroit*, 59 Mich. 610; *Blades v. Board of Water Com'rs of Detroit*, 122 Mich. 366; *City of Lansing v. Board of State Auditors*, 111 Mich. 327; *Brooks v. Hydorn*, 76 Mich. 273.

Probably no other provision of our State Constitutions has given rise to so much litigation as this. In the multitude of cases decided in various jurisdictions there is undoubtedly some conflict, but I have found no case which sustains a title so misleading and deceptive as this.

The decree is reversed, and decree entered in this court declaring the act null and void, and enjoining the defendants from any action under it.

No costs will be allowed.

MCALVAY, C. J., and CARPENTER, BLAIR, MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.