## OTTO v. CITY OF DETROIT.

PUBLIC OFFICERS—APPOINTMENT—STATUTES—SALARY.

A street commissioner of the village of Fairview, lawfully appointed for the year 1906, and reappointed at a date prior to the second Monday in April, 1907, the date fixed by 1 Comp. Laws, § 2704, continued to hold office under the statute until the qualification of his successor, and was entitled to his salary whether or not his reappointment was valid.

Error to Wayne; Murphy, J. Submitted January 9, 1911. (Docket No. 59.) Decided February 1, 1911.

Assumpsit by Julius C. Otto against the city of Detroit and village of Grosse Pointe Park, for plaintiff's unpaid salary as a street commissioner. Judgment for plaintiff. Defendant brings error. Affirmed.

*Richard I. Lawson* (*P. J. M. Hally*, of counsel), for appellant city of Detroit.

*William E. Henze*, for appellant village of Grosse Pointe Park.

*Moore & Moore*, for appellee.

BLAIR, J.   The plaintiff brings this suit against the defendants for his salary as street commissioner of the village of Fairview from May 1, 1907, to October 24th next following.   He was appointed street commissioner of that village in 1906, and reappointed to the same office on the 18th day of March, 1907, for the year 1907, and claims he qualified on the following day by taking the oath of office.   He recovered verdict and judgment for $369.50.   On the 27th day of March, 1907, the legislature passed an act by which it undertook to annex certain territory of the village of Fairview to the city of Detroit, the act to take effect May 1, 1907.   Act No. 455, Local Acts 1907.   This act was declared unconstitutional on October 15, 1907.   See *Village of Fairview* v. *City of Detroit*, 150 Mich. 1 (113 N. W. 368).   The legislature was in special session in October, 1907, and on the 24th day of that month re-enacted the act of March 27, 1907 (Act No. 1, Local Acts Ex. Sess. 1907), only changing the title thereto.   May 8, 1907, the village of Grosse Pointe Park, one of the defendants herein, was created out of the territory of said village of Fairview that remained.   On May 1, 1907, the authorities of the city of Detroit, assuming that the act of March 27th was valid, took possession of the property and territory of the village then annexed, and has continued to exercise governmental functions therein ever since.

The contention of defendants, as stated in their brief, is as follows:

"The defendants claim that the appointment of the plaintiff on March 18, 1907, was illegal, and that, as he was paid for the services he actually performed, he cannot recover the salary for which he now sues.   This claim is based upon the statute under which the office of street commissioner is created.   Section 2701, 1 Comp. Laws, provides:

" 'Appointments to office excepting appointments to fill vacancies "shall" be made on the second Monday in April in each year, unless a different time shall be prescribed in the ordinance or resolution creating the office, but appointments which for any cause

shall not be made on that day or on the day provided in the ordinance or resolution creating the office may be made at any subsequent regular or special meeting of the council.'

"Section 2704 provides:

" 'All appointive officers * * * "shall" hold their respective offices until the second Monday of April next after such appointment and until their successors are qualified and enter upon the duties of their offices, unless a different term of office shall be prescribed in this act, or in the ordinance or resolution creating the office. Officers appointed to fill vacancies shall hold their office until the next annual election, and unless their successors are elected or appointed and qualified. All persons elected or appointed to office shall enter upon the duties thereof upon taking the oath of office and filing the requisite security, if any is required of them.'

" Under this statute how could the village council make a valid appointment previous to the second Monday in April, when no vacancy had occurred, and the office to which they undertook to make the appointment was then being held by an officer who was regularly appointed for a regular term? The counsel for plaintiff in the lower court contended that this provision of the statute was merely directory, and not mandatory; that it was a question of time, and not of power; and that the board to whom was delegated the power of appointment, might exercise it before the time fixed in the statute, and, having done so, the act of appointing the plaintiff was a valid act."

We do not consider it necessary to determine the validity of plaintiff's reappointment, since under the express provision of section 2704 he would continue to hold the office *de jure* until his successor qualified and entered upon the duties of the office. *People* v. *Lord,* 9 Mich. 227; *Lawrence* v. *Hanley,* 84 Mich. 399 (47 N. W. 753).

The judgment is affirmed.

MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred.