GRAY HARRIS *et al. v.* G. T. RUSH *et al.**

(*Jackson.* April Term, 1928.)

Opinion filed, July 16, 1928.

1. CONSTITUTIONAL ·LAW. LEGISLATIVE ACT. CAPTION. BODY. SCHOOL DISTRICT.

Where the caption of an Act of the Legislature describes it as "An Act to create a Special School District out of two specific civil districts, namely, the 7th Civil District of Hardeman County and the 10th Civil District of Chester County," etc., and the body of the Act embraces not only a portion of the two districts mentioned, but also portions of the 8th Civil District of the former County and portions of the 8th and 9th Civil Districts of the latter, such an Act is unconstitutional and void. (Post, p. 296.)

Citing: Constitution of Tennessee, Art. 11, Sec. 17.

2. CONSTITUTIONAL LAW. LEGISLATIVE ACT. CAPTION. BODY.

The title of a legislative bill may be either narrow and restricted or broad and general, but if the title adopted be narrow and restricted, carving out for treatment only a part of a general subject, the legislation under it must be confined to the same limits. (Post, p. 298.)

Citing: Constitution of Tennessee, Art. 11, Sec. 17; State ex rel. v. Schlitz Brewing Co., 104 Tenn., 715, 728; Dixon v. State, 117 Tenn., 79.

3. STATUTE. CONSTITUTIONALITY. SUIT TO TEST PROPER PRACTICE.

In a bill filed to test the constitutionality of an Act of the Legislature and to enjoin school directors appointed by said Act

from acting thereunder, it is not necessary to make said directors parties in their official capacity, but it was to make them defendants as individuals.   (Post, p. 299.)

---

FROM CHESTER.

---

Appeal from the Chancery Court of Chester County.— HON. TOM C. RYE, Chancellor.

ANDERSON & WHITE and J. I. GALBRAITH, for appellants.

H. C. CARTER, for appellee.

MR. JUSTICE SIZER, Special Judge, delivered the opinion of the Court.

This case involves the question of the validity of Chapter 796, Private Acts of the General Assembly for the year 1927, undertaking to create a Special School District "out of parts of the seventh civil district of Hardeman County, Tennessee, and the 10th civil district of Chester County, Tennessee, including the town of Silerton, to be known as the Silerton Special School District; to define its boundaries," etc.

(1) The validity of the Act is assailed on various grounds and among others on the ground that it violates Article 11, Sec. 17 of the constitution in that it embraces more than one subject and in that the subject is not expressed in the title.   It will be noted that the title or caption of the Act describes it as an Act to create a Special School District out of parts of two specific civil districts, namely, the seventh civil district of Hardeman

County and the 10th civil district of Chester County. The body of the Act in the first section thereof prescribes the boundaries of the proposed school district by courses and distances; and the bill alleges that while the boundaries so prescribed include parts of the two civil districts referred to in the title the greater part of the land embraced within said boundaries does not lie within said two districts, but is in the eighth civil district of Hardeman County and in the eighth and ninth civil districts of Chester County and a plat of the proposed district is filed as an exhibit to the bill, which indicates that more than half of the land embraced within the courses and distances set out in the first section of the Act lies outside the two civil districts designated in the title.

The Act designates three persons as the first Board of Directors for the said school district; and these three persons, together with the Trustee of Chester County and the Trustee of Hardeman County are made defendants to the bill and it is prayed that the Act be declared unconstitutional and the defendants enjoined from undertaking to carry out the provisions thereof.

The defendants filed a motion to dismiss the bill for want of equity and on other grounds and this motion the Chancellor sustained and rendered a decree adjudging the Act to be constitutional and dismissing the bill. The complainants have appealed and contend among other things that the variance between the title of the Act and the body thereof with respect to the territory included in the proposed school district renders the Act invalid under the constitutional provision above referred to.

We are of the opinion that this contention of the complainants is well taken. The constitutional requirement that the subject of an Act be stated in the title means, of course, that it must be stated with substantial accuracy; and we are unable to reach the conclusion that a title or caption which describes a school district as lying in two specific civil districts will under the constitutional provision referred to sustain an Act creating a school district lying partly in five different civil districts, and less than half of which is in the two districts referred to in the caption.

It may be true, as argued on behalf of the appellees, that it was not necessary that the civil districts out of which the school district was to be carved should be stated in the caption and that it would have been sufficient if the caption had merely described the Act as one to create a Special School District embracing parts of the counties named and define its boundaries; but if this be conceded it simply follows that the legislature in drafting the Act gave it an unnecessarily restrictive title, and having done so the Act to be valid must be confined within the limits fixed by the title. As said by this Court in *State ex rel.* v. *Schlitz Brewing Co.*, 104 Tenn. 715, 728:

*(2)* "The title of a legislative bill may be either narrow and restricted or broad and general, as the members of the general assembly may prefer . . .

"If the title adopted be narrow and restricted, carving out for treatment only a part of a general subject, the legislation under it must be confined within the same limits."

A somewhat analogous case is *Dixon* v. *State,* 117 Tenn., 79. The title of the Act under consideration in

that case described it as an Act to regulate the laying out and working of public roads in counties having a population of between 25,100 and 25,200, which made it apply exclusively to Haywood County. The body of the Act, however, did not contain the population limits prescribed in the title; and this Court held that the Act was violative of Article II, Sec. 17 of the constitution, in that the body of the Act was broader than its title. The Court said in that case that a statute having but one subject, which was expressed in the title, would not be unconstitutional because the title was broader and more comprehensive than the provisions of the Act; but on the other hand if the body of the Act was broader than the title that fact would render it unconstitutional and void. We think the variance between the title and the body of the Act under consideration here is fatal to the validity of the Act.

Other objections to the Act are urged in the bill and in the argument on behalf of complainant's counsel, but in view of the conclusion reached we do not find it necessary to consider them.

(3) One of the grounds of the motion to dismiss the bill was that the defendants who were designated in the Act as the first Board of Directors were made defendants as individuals and not in their representative capacity; and another ground of the motion was that the school district was not made a defendant. We do not think that either of these grounds are well taken. If the constitutional objection hereinbefore discussed is good the district was never lawfully created and the defendants designated as directors were not as a matter of law the directors of any such district. It was proper therefore

to make them defendants as individuals and to restrain them from undertaking to carry out the provisions of the Act. It results that the decree of the Chancellor is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.