D. M. C. CORP. et al., Appellees-Complainants,

*v.*

THOMAS H. SHRIVER et al., Appellants-Defendants.

461 S.W.2d 389.

(*Nashville,* December Term, 1970.)

Opinion filed December 7, 1970.

HOWARD F. BUTLER, and DICK LANSDEN, Nashville, for appellees-complainants.

DAVID M. PACK, Attorney General and Reporter, C. HAYES COONEY, and ROBERT H. ROBERTS, Assistant Attor-

neys General, State of Tennessee, Nashville, for appellants-defendants.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This case presents the issue of whether a bill introduced into the Legislature is required to contain more than the title at the time it passes first and second readings in order to comply with Article 2, Section 18, of the Constitution of the State of Tennessee.

On February 4, 1970, Senate Bill No. 1738 was introduced, containing only a title in words and figures as follows:

SENATE BILL No. 1738
By Ayres

AN ACT to amend Tennessee Code Annotated, Section 39-2017 relating to lotteries and the penalty for engaging therein.

On February 4, 1970, this bill, as introduced, passed first reading; passed second reading on February 5, 1970, and was referred to the Senate Judiciary Committee. On February 10, 1970, the Committee reported out this bill, as introduced, recommending its passage. This bill, as introduced, was placed on the Senate calendar for February 12, 1970, where, when called up for action on third and final reading, it was amended to add after the title the following:

*Be it Enacted by the General Assembly of the State of Tennessee:*

*Section* 1. Section 39-2017, Tennessee Code Annotated, is amended by adding to the section the following:

"The organization of any chain letter club, pyramid club, or other group organized or brought together under any plan or device whereby fees or dues or anything of material value to be paid or given by members thereof are to be paid or given to any other member thereof, which plan or device includes any provision for the increase in such membership through a chain process of new members securing other new members and thereby advancing themselves in the group to a position where such members in turn receive fees, dues or things of material value from other members, is hereby declared to be a lottery, and whoever shall participate in any such lottery by becoming a member of, or affiliating with, any such group or organization or who shall solicit any person for membership or affiliation in any such group or organization shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of one thousand dollars ($1,000), or by imprisonment in the county jail for a period of three months."

*Section* 2. This act shall take effect on becoming a law, the public welfare requiring it.

After adoption of the above amendment, the Senate passed this bill on third and final reading, transmitting same to the House of Representatives. The House amended this bill as passed by the Senate and upon amendment passed this bill on third and final reading. This bill as passed by the House was transmitted to the Senate, where, upon motion, the Senate concurred in the House amendment. This bill, signed by the Speakers of both Houses, approved by the Governor, has been designated as Chapter 510, Public Acts of 1970.

We have not detailed all the actions taken on this bill by the House since if this bill was not constitutionally passed by the Senate the action taken by the House is immaterial.

The provisions of the Constitution of Tennessee pertinent to the issue here are Sections 17 and 18 of Article 2, which read as follows:

*Sec. 17. Origin and frame of bills.*—Bills may originate in either House; but may be amended, altered or rejected by the other. No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.

*Sec. 18. Passage of bills.*—Every bill shall be read once, on three different days, and be passed each time in the House where it originated, before transmission to the other. No bill shall become a law, until it shall

have been read and passed, on three different days in each house, and shall have received, on its final passage in each house, the assent of a majority of the members, to which that house shall be entitled under this constitution; and shall have been signed by the respective speakers in open session, the fact of such signing to be noted on the Journal; and shall have received the approval of the Governor, or shall have been otherwise passed under the provisions of this constitution.

Section 18 requires that "Every bill shall be read once, on three different days, and be passed each time in the House where it originated * * *," which requirement is mandatory. *Home Telegraph Co. v. Nashville,* 118 Tenn. 1, 101 S.W. 770 (1906). Senate Bill No. 1738 was read and passed in the Senate on three different days. The question then is: Was Senate Bill No. 1738 at the time it passed first and second readings in the Senate (when it contained only a title) a "bill" as this word is used in the first sentence of Section 18? If it were not such a "bill" then it has not been read and passed in the Senate on three different days and is invalid.

We have not been cited, nor by research found, a case directly in point on the issue here.

The cases of *Erwin v. State,* 116 Tenn. 71, 93 S.W. 73 (1905), and *State ex rel. Pitts v. Nashville Baseball Club,* 127 Tenn. 292, 154 S.W. 1151 (1912), dealt with alleged errors regarding the title of certain legislative acts and while the decisions in these cases are not directly in point on the issue in the case at bar, we do think some of the language used by the Court is pertinent. The language used in these cases was first used in the *Erwin* case and

later copied with approval in *State ex rel. Pitts v. Nashville Baseball Club,* supra. This language is as follows:

"Every bill has two parts, the title and the body. The title must contain the subject of the proposed legislation, and that subject must be single. This was intended to serve a two-fold purpose. The subject must be expressed in the title, so that the members of the Legislature may have their attention drawn directly to the matter about which they are to concern themselves in the discharge of their legislative duties. A second purpose is that the people of the State may know what their representatives are doing, and may interpose, if they choose, by petition or remonstrance. The title must be single, to prevent omnibus legislation and logrolling." 127 Tenn. at 300, 154 S.W. at 1153.

We think the two purposes served by the title as set out in *State ex rel. Pitts* likewise apply to the body of a bill. When the title of a bill calls attention to a legislator or the public generally to the subject matter of the proposed legislation, and the legislator or the public generally looks to see just what is proposed in regard to this subject matter only to find beneath the title a blank sheet of paper, then the question arises just what purpose is the title serving.

The statement above in *State ex rel. Pitts* that "Every bill has two parts, the title and the body" is supported by the language of Sections 17 and 18 of Article 2, of the Constitution of Tennessee. It is insisted that this statement standing alone is not accurate as a bill in final form is also required to have an enacting clause under Section 20, Article 2, which would be a third part. This argument is in error for two reasons. First, this state-

ment is to be read in conjunction with the language immediately following that copied above in this opinion. Second, the Constitution does not divide a bill into "parts." This is the language of the Court in an opinion dealing with alleged error in the title. This statement is not an attempt on the part of the Court to designate just what a bill in final form will have to contain. We consider the Court, by this statement, meant a bill when introduced in the Legislature would contain at a minimum a "title" and other language designated as the "body" by which language a legislator or the public generally could be informed on just what the law relating to the subject matter would be if this bill should be finally enacted as a statute.

■ In argument to sustain the validity of the statute in question our attention is called to the fact on third and final reading a bill can be amended to any extent, even to striking the body of the bill and substituting the amendment therefor so long as the amendment is germane to and within the scope of the title. *Southern Ry. Railroad Co. v. Memphis,* 126 Tenn. 267, 148 S.W. 662 (1912); *Forrester v. City of Memphis,* 159 Tenn. 16, 15 S.W.2d 739 (1929). We agree this statement is correct and such procedure is authorized by Section 17, Article 2, of the Constitution of Tennessee. We do not agree such is either controlling or persuasive on the issue here.

■ It has been further called to our attention there is a line of cases holding that when a bill has passed both Houses of the Legislature, signed by the Speakers, approved by the Governor, and published, then every reasonable presumption and inference will be indulged in favor of the regularity of its passage unless the Journals furnish affirmative proof to the contrary. *State ex rel.*

*Thompson v. Davis,* 146 Tenn. 287, 240 S.W. 762 (1922). In the case at bar the Senate Journal affirmatively reflects that when Senate Bill No. 1738 passed the Senate on first and second readings, it contained only a title. The holding in *State ex rel Thompson* and cases therein cited are not applicable to the case at bar.

It results and we so hold a "bill" introduced in the Legislature containing only a title is not a "bill" within the meaning of this word as used in the first sentence of Section 18, Article 2, of the Constitution of Tennessee.

The judgment of the chancellor holding Chapter 510, Public Acts of 1970 to be invalid is affirmed.

CHATTIN, CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.