George W. VAN BRUNT, Jacqueline R. Bennett, and Joseph A. Bowman, Appellants,

v.

STATE of Alaska, Appellee.

Nos. 6046, 6064 and 6189.

Court of Appeals of Alaska.

Oct. 22, 1982.

Marc W. June and Paul H. Grant, Birch, Horton, Bittner, Monroe, Pestinger & Anderson, Anchorage, for appellants.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

This case raises the issue of whether the state driving while intoxicated statute, AS 28.35.030,[1] was enacted in violation of the Alaska Constitution. Specifically, the appellants claim that AS 28.35.030 was enacted[2] in violation of article II, section 14, which provides in part:

*Passage of Bills.* The legislature shall establish the procedure for enactment of

---

1. Prior to SLA 1982, AS 28.35.030(a) provided:

    A person commits the crime of driving while intoxicated if he operates or drives a motor vehicle

    (1) while under the influence of intoxicating liquor, depressant, hallucinogenic, stimulant or narcotic drugs as defined in AS 17.10.-230(13) and AS 17.12.150(3);

    (2) when there is 0.10 percent or more by weight of alcohol in his blood or 100 milligrams or more of alcohol per 100 milliliters of his blood, or when there is 0.10 grams or more of alcohol per 210 liters of his breath; or

    (3) while he is under the combined influence of intoxicating liquor and another substance.

    SLA 1982 amended the first sentence of AS 28.35.030(a) by adding "or operates an aircraft or a watercraft." It also amended subsection (a)(1). As of January 1, 1983, subsection (a)(1) will read:

    (1) while under the influence of intoxicating liquor, or any controlled substance listed in AS 11.71.140–11.71.190;

2. The current version of AS 28.35.030 (except for the amendments of SLA 1982) went into effect on September 28, 1980. Ch. 129, § 10, SLA 1980. The legislative history of this enactment was summarized in *Van Brunt v. State,* 646 P.2d 872, 873 n.2 (Alaska App.1982):

    On January 25, 1980, Senate Bill 365 (SB 365) was introduced before the Alaska State Senate. The bill was entitled, "An act imposing penalties on persons who deal in intoxicating liquors without a license." It added a new section to Title 4 (Alcoholic Beverages) of the Alaska Statutes, and it altered the wording of a second section. On February 1,

1980, the senate passed the bill and sent it to the house.

Following a February 4, 1980, reading of the bill, the house referred it to the House Judiciary Committee. The committee expanded the bill, providing for local elections to decide whether the importation, possession, or sale of liquor would be allowed in individual Alaskan communities. The expanded bill also provided for local elections to decide whether the law concerning importation of liquor should be different during holidays. Further, the committee version of the bill included provisions defining intoxicating liquor, setting penalties for unlawful sale, possession, or importation of liquor, and authorizing the seizure, forfeiture, and sale of aircraft, vehicles, or vessels used in illegal trafficking.

The house passed this version of the bill on June 2, 1980, and sent it to the senate for consideration. On June 3, 1980, the senate failed to agree to the amendments made by the house. The house, in turn, refused to recede from the amendments, and a free conference committee (consisting of three members of the house and three members of the senate) was appointed.

The free conference committee left the house amendments to SB 365 intact and added four additional sections to the bill. These four sections altered the criminal statutes of Title 28 (Motor Vehicles) which prohibited driving while under the influence of intoxicating liquor. This Free Conference Committee Substitute for SB 365 (FCCSSB 365) was accordingly entitled, "An act relating to local option laws concerning intoxicating liquor, operating or driving a motor vehicle while

bills into law. No bill may become law unless it has passed three readings in each house on three separate days, except that any bill may be advanced from second to third reading on the same day by concurrence of three-fourths of the house considering it.

In a related point the appellants claim that the passage of AS 28.35.030 violated the Uniform Rules of the Alaska State Legislature. Rule 42(b) provides in part that a free conference committee can suggest "any new amendments [to a bill] clearly germane to the question" facing the committee.

■ These questions were before this court in *Van Brunt v. State,* 646 P.2d 872 (Alaska App.1982). We certified these issues to the Alaska Supreme Court[3] because they were matters of first impression which affected the interpretation of a constitutional provision which could potentially impact a great deal of legislation. The supreme court refused the certification and remanded the issue back to this court for resolution. We have reviewed the appellants' contentions and conclude that AS 28.-35.030 was not passed in violation of the constitution or the legislative rules. In *State v. A.L.I.V.E. Voluntary,* 606 P.2d 769, 772 (Alaska 1980), the Alaska Supreme Court articulated the policy behind the three readings requirement:

Article II, section 14 requires three readings of a bill, on three separate days in order 'to ensure that the legislature knows what it is passing,' *North Slope Borough v. Sohio Petroleum Corp.,* 585

P.2d 534, 543 n.11 (Alaska 1978), and to ensure an opportunity for the expression of public opinion and due deliberation. [Footnote omitted.]

*See* P. Mason, *Manual of Legislative Procedure for Legislative and Other Governmental Bodies* § 720, at 504 (1962).

■ As a practical accommodation to the realities of lawmaking, it is generally well accepted that the constitutional requirement that bills be read three times does not extend to an amended bill. *See, e.g., People ex rel. County Collector v. Jeri, Ltd.,* 40 Ill.2d 293, 239 N.E.2d 777, 779–80 (1968); P. Mason, *supra,* § 722, at 506–07. Even where the amendments substantially alter the bill, the three readings requirement is not applicable. Thus a bill may be completely revised without having to be read three times.

There is a limitation upon this exception to the three readings rule: if the amendments change the subject of the bill, the three readings requirement applies. As stated in P. Mason, *supra,* § 731, at 518:

A bill, after passing the house, may be materially amended in the other and passed as amended, this practice being in accordance with common legislative procedure; and the amendments may take the form of the substitution of an entirely new bill for the bill introduced, *so long as the subject of the bill is not changed.* [Emphasis added.]

Similarly, the court stated in *D.M.C. Corp. v. Shriver,* 224 Tenn. 664, 461 S.W.2d 389, 392 (1970):

---

under the influence of intoxicating liquor, and establishing penalties for violations of liquor laws." On June 5, 1980, both the senate and the house adopted the bill.

On June 6, 1980, the bill (FCCSSB 365) was sent to the governor for his signature. A few hours before the passage of FCCSSB 365, however, FCCSSB 239 was passed by both houses of the legislature. Both of these bills dealt with Title 4, and in this respect, they were in conflict. Pursuant to a series of opinion letters from the attorney general, Governor Hammond signed FCCSSB 365 first so that the subsequent signing and enactment of FCCSSB 239 would repeal all of the inconsistent provisions of FCCSSB 365. As

a net result, the only portions of FCCSSB 365 to survive were those provisions, introduced by the free conference committee, that amended the laws of Title 28.

3. AS 22.05.015(b) states:

The supreme court may take jurisdiction of a case pending before the court of appeals if the court of appeals certifies to the supreme court that the case involves a significant question of law under the Constitution of the United States or under the constitution of the state or involves an issue of substantial public interest that should be determined by the supreme court.

[O]n third and final reading a bill can be amended to any extent, even to striking the body of the bill and substituting the amendment therefor *so long as the amendment is germane to and within the scope of the title.* [Citations omitted, emphasis added.]

*See also People v. Brown,* 174 Colo. 513, 485 P.2d 500, 506 (1971), *appeal dismissed,* 404 U.S. 1007, 92 S.Ct. 671, 30 L.Ed.2d 656 (1972); *Metropolitan Gov't of Nashville and Davidson County v. Mitchell,* 539 S.W.2d 20, 22 (Tenn.1976).

We believe that the approach of the cases in this area is similar to the approach of the cases which we discussed in the earlier *Van Brunt* decision involving the constitutional rule that the legislature must confine legislation to one subject. *Van Brunt v. State,* 646 P.2d at 874–75. The separation of powers doctrine places the primary responsibility for the conduct of legislative activities with the legislature. 3 W. Willoughby, *The Constitutional Law of the United States* § 1058 (2d ed. 1929). Courts therefore give the legislature a great deal of deference in deciding whether legislation involves one subject. Although courts have a duty to enforce the constitutional provision, it is frequently difficult to determine when legislation deals with more than one subject. Similarly, it is difficult to determine at what point a bill has been so substantially amended that the legislature is dealing with a totally new bill which must start the legislative process again and be read three times by the legislature. A certain amount of deference to the legislature is appropriate because of its primary responsibility under the constitution for the conduct of legislative activity.

In the instant case the proposed legislation dealt with changes in various laws regulating the use and sale of intoxicating liquor. We have formerly held that

this legislation did not violate the one-subject rule. *Van Brunt v. State,* 646 P.2d at 874–75. We also conclude that the amendments which were made in free conference committee amending the law dealing with driving while intoxicated did not so change the nature of the bill that it was required to again go through three readings. The same analysis applies to appellants' contention that the amendment to the bill which changed the driving while intoxicated statute was not "clearly germane to the question" facing the committee. Alaska State Legislature Uniform Rule 42(b). It is certainly reasonable to consider a change in the driving while intoxicated laws to be "germane" to a bill to change various state liquor laws.[4]

The convictions are AFFIRMED.

---

4. We note that in *Malone v. Meekins,* 650 P.2d 351 (Alaska 1982), the supreme court stated: "However, except in extraordinary circumstances, as where the rights of persons who are not members of the legislature are involved, it is not the function of the judiciary to require that the legislature follow its own rules."

(Footnote omitted.) Assuming that it could be argued that Legislative Rule 41(b) involves the right of others to be informed about the nature of proposed legislation, at a minimum *Malone* would seem to require us to read the legislative rules liberally.