# JUDD L. BRUMLEY et al. v. TOWN OF GREENE-VILLE.—274 S. W. (2d) 12.

Eastern Section. August 13, 1954.

Petition for Certiorari denied by Supreme Court, November 16, 1954.

B. B. Fraker, John A. Armstrong and Frank M. Berry, all of Greeneville, for appellant.

F. H. Parvin, of Greeneville, for appellees.

HOWARD, J.   This suit was filed by the complainants, Judd L. Brumley, et al., seeking to enjoin the Town of Greeneville from opening an alley across their property.

The record discloses that the complainants owned the Brumley Hotel property located on the west side of Main Street, in the Town of Greeneville.   The hotel building faces the east, and their property extends west between Church Street and Elbow Alley on the north and the rear of several business buildings on the south, to a depth of approximately 264 feet.   From the rear of these business buildings which face Depot Street, the owners have no outlet, and they requested the Town of Greeneville to condemn an alleyway across the west end of complainants' property, which would extend Elbow Alley to the rear of their buildings, thus providing an outlet for garbage and fire protection.   To induce the Board of Mayor and Aldermen, hereinafter referred to as Board, to take action, these owners entered into a bond, binding

themselves to pay to the Town "all expenses incurred in connection with the acquisition, including the payment in full of the consideration for all deeds of purchase and the payment of all actual and incidental damages that may be assessed in connection with the condemnation thereof, including all cost and expense incident to such condemnation".

Thereupon, the Town of Greeneville took right of way deeds from all the property owners affected except complainants, and being unable to reach an agreement with them, the Board undertook to condemn the necessary right of way over complainants' property pursuant to Sections 3398 et seq. of Williams' Tennessee Code.

The bill herein was filed to enjoin the condemnation proceedings on the ground that the ordinances declaring condemnation were not passed by the Board as required by the Charter of the Town.

The Town of Greeneville was incorporated by Chapter 563 of the Public Acts of 1903, Section 5 of the Charter conferring the power of eminent domain to be exercised by ordinance. Section 12 of the Charter requires all ordinances involving the appropriation of money to be "read once on three separate days and passed on its third reading by a majority of the entire board, by calling the ayes and noes; and all other ordinances shall be read on two separate days and all ayes and noes on all ordinances to be recorded."

The proceedings of the Board here involved consist of an ordinance designated 627, specifically describing the several pieces of property to be acquired by purchase or condemnation, and another ordinance designated 640, declaring condemnation of complainants' property and appointing appraisers to assess the damage.

The bill alleges that these ordinances were not in fact presented and read at the Board meeting which purported to pass same, nor reduced to writing until thirty to sixty days afterward, and void for these reasons.

The defendant's answer denied that the ordinances are void, and avers "Said ordinance was duly and legally enacted as shown by the minutes of the Board of Mayor and Aldermen of the town of Greeneville."

No member of the Board was called to testify. The Town Recorder in office at the time was called by complainant, and testified that the ordinances were not read at the meetings which purported to pass same, nor prepared until afterward because the surveys for the necessary description of property to be acquired had not then been completed.

The only evidence offered to sustain the ordinances was certified copies of the several minutes of the Town's Board purporting to pass same.

Upon the hearing the Chancellor sustained the bill, holding that the ordinances in question were void, because they were not enacted in accordance with the requirements of the Town Charter, and the Town was accordingly enjoined from enforcing them.

The City of Greeneville has appealed, and the only question presented for our determination is whether or not the Chancellor erred in admitting oral testimony that the ordinances were never presented or read as required by the provisions of the Charter.

On the trial of the case the defendant objected to the testimony of the witnesses that the ordinances were not read, which the Chancellor overruled. It is urged that the Chancellor erred in admitting this oral testimony which contradicted the facts recited in the minutes of the Board, and that it was inadmissible for this reason.

■ While the minutes of the Board do recite that these ordinances were "passed on first reading", second reading, etc., the minutes do not expressly state that the ordinances were read at these meetings.

The Town Recorder then in the office testified that his wife wrote up the minutes of the Board meeting according to a form. It may be that the form used referred to the vote on the ordinances as a "reading". At least we think the minutes were sufficiently ambiguous to require the defendant to rebut the direct testimony of the Recorder that the ordinances were not, in fact, read at these meetings.

■ It is well settled that a municipal ordinance may be declared void when "not passed regularly or according to the forms of law." Patton v. City of Chattanooga, 108 Tenn. 197, 65 S. W. 414, 420; Memphis St. Ry. Co. v. Rapid Transit Co., 138 Tenn. 594, 198 S. W. 890; State ex rel. Lightman v. City of Nashville, 166 Tenn. 191, 60 S. W. (2d) 161; Rutherford v. City of Nashville, 168 Tenn. 499, 79 S. W. (2d) 581; Brooks v. Claiborne County, 67 Tenn. 43; 37 Am. Jur., Sec. 144, p. 756.

■ And as a general rule Courts in passing on the validity of an ordinance will not inquire into the motives of the municipal legislative body. McQuillin, Municipal Corp., 3rd Ed., Vol. 5, Sec. 14.07, p. 23; 37 Am. Jur., Sec. 154, p. 766, Sec. 177, p. 810. However, the ordinances of a municipality are subject to review by the Courts in cases of fraud or bad faith. 62 C. J. S., Municipal Corporations, Sec. 200, page 377. See Blackburn v. Dillon, 189 Tenn. 240, 225 S. W. (2d) 46.

Here, we have a direct proceeding to declare these ordinances void on grounds which, if true, make the recitations in the minutes false and fraudulent.

Unlike the recitations in an impartial judgment of a Court in a suit between litigants, these minutes were prepared by the Town of Greeneville as a part of its own proceeding against the complainants, and the recitations therein are in the nature of self-serving declarations.

■ ■ We are therefore constrained to hold that there is no error in the decree of the Chancellor admitting parol evidence that these ordinances were not read and passed as required by the defendant's Charter, and are void.

It results that the assignments of error will be overruled, and the decree of the Chancellor affirmed at defendant's costs.

McAmis, P. J., and Hale, J., concur.