The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Petitioner,

v.

Sandra Jane MITCHELL and Robert W. Turner, Respondents.

Supreme Court of Tennessee.

May 24, 1976.

Don Corlew, Metropolitan Atty., Metropolitan Government of Nashville & Davidson County, Nashville, for petitioner.

Dan Garfinkle, Nashville, for respondents.

OPINION

BROCK, Justice.

Respondents were found guilty in the Circuit Court for Davidson County of violating Ordinance No. 73–691, Amend. 1, of the Metropolitan Government of Nashville and Davidson County which purports to regulate "massage parlors." Respondents asserted that the ordinance was not validly adopted because it was so drastically changed between its first and second read-

ings that its identity was destroyed,[1] thereby resulting in a violation of the Metropolitan Charter provision that:

" . . . no ordinance shall become effective until it shall have been passed by majority vote on three different days." Metropolitan Charter, Art. 3, § 3.05.

This claim was denied by the Circuit Court but the Court of Appeals held it to be a valid argument and reversed the judgment of the Circuit Court and dismissed the charges. We granted certiorari.

In determining whether or not the Charter provision in question has been violated, the Court of Appeals has applied the rule, followed in some states, that any material or substantial change in a proposed ordinance between the time of its first reading and its third reading and passage operates to destroy its identity, thereby resulting in a violation of the charter requirement that the same ordinance be passed on three different days. Upon applying this test, the ordinance here in issue was found to be void.

We agree that the ordinance was materially and substantially altered between its first and second readings, but we do not agree that this operated to render the ordinance void, because we do not agree that the identity test applied by the Court of Appeals is the correct rule in Tennessee.

■ Of course, the purpose of such charter provisions is to prevent hasty and ill-considered legislation. They are generally held to be mandatory, *Brumley v. Town of Greeneville,* 38 Tenn.App. 322, 274 S.W.2d 12 (1954), but they must be given a reasonable construction, one that does not result in frustrating the legislative process at the municipal level.

■ For guidance we turn not to authorities from other states but to the Tennessee cases construing and applying Article 2, § 18, Constitution of Tennessee, which provides that " . . . no bill shall become a law, until it shall have been read and passed, on three different days in each house . . . ." We do so because it may be assumed that the draftsmen of the Metropolitan Charter were aware of the import of these decisions and relied upon them when they wrote the provision requiring that ordinances be passed on three separate days.

■ Our cases have consistently given a different treatment to changes in the title or captions of bills from that given to changes in the bodies of bills. Thus, we have held that when the title or caption of a bill is altered "substantially" or changed to introduce "new or foreign matter," the bill loses its identity and a new bill is thereby created which must, itself, be passed on three different days. *Tenn. Coal, Iron & R. Co. v. Hooper,* 131 Tenn. 611, 618, 175 S.W. 1146, 1147 (1915); *State ex rel. Pitts v. Nashville Baseball Club,* 127 Tenn. 292, 154 S.W. 1151 (1913); *Erwin v. State,* 116 Tenn. 71, 93 S.W. 73 (1906).

But, with respect to changes only in the body of a bill, a much more liberal test has been applied, as shown in this excerpt from the *Erwin* opinion, to-wit:

"No restriction is placed upon this power of amendment further than results from the rigidity of the title and the necessity of conforming thereto, and the requirement that there shall be a concurrence of the two houses upon the whole bill. One section may be stricken out and its place supplied by another containing a different provision; all may be stricken out except the title and the enacting clause, and new provisions inserted quite different from those which first constituted the body of the bill, but upon this liberty there rests one unyielding limitation, one imperious requirement. Every amendment, be it great or small, must harmonize with the title, must be germane to it, must fall within its scope." 116 Tenn. at 80, 93 S.W. at 75.

The principle of the *Erwin* decision was reaffirmed in *Southern Ry. Co. v. City of Memphis,* 126 Tenn. 267, 148 S.W. 662 (1912), wherein the Court held to be valid the substitution of one bill for another,

---

1. For the ordinance in original and final form, see *Appendix.*

even though they were essentially different, since the title remained unchanged and the content of the substituted body was germane to and within the scope of the title. See also *D. M. C. Corp. v. Shriver,* 224 Tenn. 664, 461 S.W.2d 389 (1970).

■ It must be remembered that Article 2, § 17, Constitution of Tennessee, requires that, to become a law, a bill must contain only one subject which must be expressed in its title. Therefore, the net effect of the above-mentioned cases construing and applying Article 2, § 18, Constitution of Tennessee, may be said to be that the subject of a bill may not be substantially or materially altered between first and final readings, but that substantial and material changes may be made in the particular provisions of a bill between first and final readings so long as those changes are germane to and within the scope of the original subject. It is our conclusion that a like standard should be employed when applying the Charter provision in question or similar provisions of other municipal charters and statutes which require that an ordinance be read and passed on three separate days. We hold that this charter requirement is not violated when the particular provisions of an ordinance are materially or substantially altered between first and final readings, *provided,* that such changes are germane to and within the scope of the original subject of the ordinance as expressed in its title, or if it has no title, in the ordinance as it appeared at the time of its first reading and passage.[2]

■ Applying this rule to the ordinance here in issue, we conclude that material and substantial changes were made in the particular provisions of its body between first and final readings, but that these changes were germane to and within the scope of the subject of the ordinance, the regulation of "massage parlors," as expressed in its title which was never changed. Therefore, it is our judgment that the ordinance does not violate Article 3, § 3.05, of the Metropolitan Charter, but is a valid enactment.

We reverse the judgment of the Court of Appeals and reinstate that of the Circuit Court. Respondents will pay the costs incurred in this Court.

COOPER, C. J., and FONES and HENRY, JJ., concur.

HARBISON, J., not participating.

### APPENDIX

I. ORDINANCE NO. 73–691 [original form]:

"An ordinance regulating the operation of massage parlors within the area of the Metropolitan Government.

"Now be it enacted by the council of the Metropolitan Government of Nashville and Davidson County.

"Section 1. That it shall be unlawful for any establishment, firm, partnership or corporation regardless of whether it is a public or private facility to operate as a massage parlor, bath parlor, or any similar type business wherein physical contact is made where the recipient of such service is provided by a person of the opposite sex. And further it is unlawful for any person to perform body massages on the premises of the aforesaid establishments either by hand or mechanical apparatus on a person of the opposite sex. Violation of this section shall be punishable as provided by Section 1–1–7 of the Metropolitan Code of Laws.

"Section 2. This ordinance shall take effect hereinafter its passage, the welfare of Metropolitan Davidson County, Tennessee, requiring."

II. ORDINANCE NO. 73–691 [final form]:

"An ordinance regulating the operation of massage parlors within the area of the Metropolitan Government.

"Now be it enacted by the council of the Metropolitan Government of Nashville and Davidson County,

---

2. We have examined the decision in *Biltmore Hotel Court v. City of Berry Hill,* 216 Tenn. 62, 390 S.W.2d 223 (1965), and find no conflict between the holding in that case and the rule we adopt today.

"Section 1. A. It is unlawful for any person to pay a fee, or to receive a fee directly or indirectly for touching or offering to touch the sexual parts of another for the purpose of arousing or gratifying the sexual desire of either party.

"B. It is unlawful for any person managing or controlling any place of business to cause or to permit any agent, employee or other person under his control or supervision to participate in conduct prohibited in subsection A of this section.

"C. Violation of this section shall be punishable as provided in Section 1–1–7 of the Metropolitan Code of Law.

"Section 2. This ordinance shall take effect hereinafter its passage, the welfare of Metropolitan Davidson County, requiring."