Lewis E. PIRTLE et al., Appellants,

v.

CITY OF JACKSON, Appellee.

Supreme Court of Tennessee.

Dec. 19, 1977.

Willard E. Smith, William A. Helm, Henderson, for appellants.

Sidney Spragins, Rice & Rice, Jackson, for appellee.

## OPINION

COOPER, Justice.

This is an appeal from a decree of the Chancery Court of Madison County upholding the validity of the ordinance annexing the Bemis and north of Bemis areas of Madison County to the City of Jackson. Appellants, residents of the areas annexed, insist the ordinance was invalid in that it was procedurally defective and was unreasonable and unnecessary in consideration of the health, safety, and welfare of residents of the annexed areas and also of the City of Jackson. Appellants also insist the chancellor erred in placing entirely on them the burden of proving the invalidity of the ordinance.

The land area that is the subject of the annexation ordinance is surrounded on two sides by the city limits of the City of Jackson. Bemis, formerly a company town owned by the Bemis Bag Company, covers some 422 acres and has approximately 1,335 inhabitants. The north of Bemis area covers 87 acres and has approximately 450 residents.

T.C.A. § 6–309 provides for the annexation of territory by a municipality by ordinance, after the adoption of a plan of services for the annexed area and after notice and public hearing on the ordinance, "when it appears that the prosperity of such municipality and territory will be materially retarded and the safety and welfare of the inhabitants and property thereof endangered," unless the territory is annexed.

T.C.A. § 6–310 grants residents of the annexed area the right to contest the annexation ordinance by a quo warranto proceeding and, with some exceptions, places upon the municipality "the burden of proving that [the] annexation ordinance is reasonable for the overall well-being of the communities involved."

In both sections 6–309 and 6–310, the legislature undertook to exclude from affirmative duties placed on cities generally, the municipalities located in counties "having a population of not less than sixty-five thousand (65,000) nor more than sixty-six thousand (66,000) and counties having a population of four hundred thousand (400,-000) or more according to the federal census of 1970 or any subsequent federal census and counties having a metropolitan form of government."

Madison County having a population of between 65,000 and 66,000 according to the 1970 census, the City of Jackson falls within the exclusions set forth in T.C.A. §§ 6–309 and 6–310. However, the municipality did not rely on the exclusion set forth in T.C.A. § 6–309, but followed the procedure placed on cities generally, when they undertake to annex territory by ordinance. Procedurally, the record shows that on December 4, 1975, the Jackson Municipal Regional Planning Commission recommended to the Board of Commissioners of the City of Jackson that it annex the Bemis and north of Bemis areas of Madison County to the City of Jackson. A plan of services for the areas to be annexed was approved by the Planning Commission on July 22, 1976. Notice of public hearing before the City Commission of Jackson of the plan of services was published in the *Jackson Sun* on August 22, 1976. The hearing was held on September 3, 1976, and the plan of services proposed by the Planning Commission was adopted on that date. The annexation ordinance was introduced at the next regular meeting of the Board of Commissioners, which was held on September 10, 1976. Notice of the introduction of the ordinance and of a public hearing to be held October 15, 1976, on the ordinance was published in the *Jackson Sun* on September 14, 1976.

The hearing was held on the date advertised and, thereafter, the ordinance was adopted.

▪ Appellants argue that the procedure described above was defective in that public hearing on the ordinance did not precede its introduction. We see no merit in this argument. The City of Jackson Charter (Chapter No. 167 of the Private Acts enacted by the General Assembly in 1969) provides in Section 31 that:

Every ordinance and resolution shall be introduced in open meeting of the Board of Commissioners and filed with the City Recorder. . . . No ordinance may be adopted at the same meeting at which introduced before the Board of Commissioners and must be published in full in a newspaper of general circulation within the City of Jackson at least one time before adoption.

The City of Jackson followed the procedure prescribed by its Charter in adopting the ordinance and, in doing so, gave the statutorily mandated notice and held a public hearing on the ordinance before the ordinance was adopted. This meets the requirements of T.C.A. § 6–309.

The record shows that on trial of the cause, appellants sought a ruling by the chancellor that the second paragraph of T.C.A. § 6–310, set out below, was class legislation and was therefore unconstitutional.

"Except in counties having a population of not less than sixty-five thousand (65,000) nor more than sixty-six thousand (66,000) and counties having a population of four hundred thousand (400,000) or more according to the federal census of 1970 or any subsequent federal census and except in counties having a metropolitan form of government, the municipality shall have the burden of proving that an annexation ordinance is reasonable for the overall well-being of the communities involved."

Article 11, § 9 of the state constitution states:

"The General Assembly shall by general law provide the exclusive methods by

which municipalities may be created, merged, consolidated and dissolved and by which municipal boundaries may be altered."

In *Frost v. City of Chattanooga*, 488 S.W.2d 370 (Tenn.1972), this court held that the foregoing constitutional provision was violated by a statute, which purported to permit a special option as to taxation in connection with annexation proceedings by the City of Chattanooga, which option was not extended to other annexing authorities by general law and which was not found to be based upon any rational basis or scheme of classification.

In the course of its opinion, the court had the following to say:

> In view of these facts and this unambiguous mandatory language now a part of our Constitution, we do not hold that the Legislature could not act to alter municipal boundaries by legislation valid as a general law under the classification doctrine, but we are not able to conceive of any circumstances where such would be valid. 488 S.W.2d at 373.

■ No rational basis has been suggested, nor does any occur to us, to justify the exclusion of a few chosen municipalities from the burden of proving the reasonableness of their annexation ordinances when such a burden is placed upon all other municipalities by the general law of this state. We hold, therefore, that that part of T.C.A. § 6–310 set out above is unconstitutional and that the City of Jackson, along with the other municipalities in the state, has the burden of proving the reasonableness of its annexation ordinances.

■ This brings us to the question: Did the City of Jackson carry its burden? We find that it did. The Utility Division of the City of Jackson now furnishes the annexed areas gas service, electric service, water service, and bus service. The Bemis area, which has a sewage collection system built by the Bemis Bag Company, has been permitted to tie their system into the waste disposal system of the City of Jackson. The north Bemis area, where septic tanks are used, has a problem with sewage in low-lying areas after heavy rainfall. This condition and its attendant danger to the health of the residents of the north Bemis and nearby areas will be corrected by the installation of sewers as called for by the plan of services. Further, the record shows that on annexation, the up-to-date City of Jackson Fire Department will be substituted for the volunteer fire department now serving a large part of the annexed area; the city police department will be substituted for the limited manpower of the sheriff's office and the private guards of Bemis Bag Company. There will be universal garbage collection rather than pick-ups by a private concern on a subscriber basis with nonsubscribers, such as Mr. Pirtle, taking their garbage to remote areas of the county for dumping on private property with permission of the owners. In addition to the services enumerated above, the annexed areas will get building department services, housing services, and the services of the health department. We think this evidence clearly demonstrates that the annexation was logical, reasonable, and well within the discretionary authority of the Board of Commissioners of the City of Jackson.

It also is suggested by appellants that the City failed to carry the burden of showing that its annexation of the Bemis area, which is the site of the Bemis Bag Company, was not "for the sole purpose of increasing municipal revenue, without the ability and intent to benefit the area annexed by rendering municipal services, when and as needed, and when such services are not used or required by the industrial plants." We find no basis for this position. Many municipal services are already being furnished to the residents of Bemis and the Bemis Bag Company. Further, the uncontradicted evidence is that for several years, the additional revenue received by the City of Jackson as the result of the annexation will be less than the cost of carrying out the plan of service to the annexed areas.

The decree of the chancellor upholding the annexation ordinance is affirmed.

Costs incident to the appeal are adjudged against appellants and their surety.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.