STATE of Tennessee, ex rel. Charles WILSON, Dock J. Johnson, C. D. Patterson & James H. White, individually and representing a class of citizens of Macon County, Appellants,

v.

The CITY OF LAFAYETTE, Tennessee, Page Durham, Mayor, Britton Linville, Councilman, J. D. Knight, Councilman, Mary Tom Link, Councilman, Emogene Hunt, Councilman, Donnie Prock, Councilman, and Ronald Dycus, Councilman, Appellees.

Supreme Court of Tennessee.

Nov. 6, 1978.

Arthur McClellan, Gallatin, for appellants.

Jon A. Wells, Lafayette, Ogden Stokes, Griffith & Stokes, Susan Emery McGannon, Griffith & Stokes, Nashville, for appellees.

OPINION

COOPER, Justice.

This is an appeal from a decree of the chancery Court of Macon County upholding the validity of the annexation ordinance adopted by the City of Lafayette, Tennessee, on March 15, 1977. Appellants, residents of the area annexed, insist the ordinance is invalid in that:

(1) It was not passed on three separate readings as required by the city charter; and

(2) The ordinance was unreasonable and unnecessary in consideration of the health, safety, and welfare of residents of the annexed areas and the City of Lafayette.

T.C.A. § 6–309 provides for the annexation of territory by a municipality by ordinance, after the adoption of a plan of services for the annexed area and after notice and public hearing on the ordinance, "when it appears that the prosperity of such municipality and territory will be materially retarded and the safety and welfare of the inhabitants and property thereof endangered," unless the territory is annexed.

T.C.A. § 6–310 grants residents of the annexed area the right to contest the validity of the ordinance on the one ground— "whether the annexation is reasonably necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole." *City of Oak Ridge v. Roane County*, Tenn., 563 S.W.2d 895 (1978). On this issue, the statute places "the burden of proving [the] annexation ordinance is reasonable for the overall well-being of the communities involved" upon the municipality.

■ Residents of the annexed area also have the right to contest the validity of the annexation ordinance on the ground that the legislative body of the city failed to follow the procedure set forth in its charter for the passage of city ordinances, generally. *Pirtle et al. v. City of Jackson*, 560 S.W.2d 400 (Tenn.1977).

As to the latter issue, the parties stipulated that the Charter of the City of Lafayette provided that:

No bill shall become an ordinance without having been passed on three several readings and no more than one reading shall be had on one day.

This procedure, or a variant thereof, is commonplace—the purpose being to prevent the passage of hasty and ill-considered legislation. *Metro. Gov't of Nashville, etc., v. Mitchell*, 539 S.W.2d 20 (Tenn.1976); *Biltmore Hotel Court v. City of Berry Hill*, 216 Tenn. 62, 390 S.W.2d 223 (1965); *Brumley v. Town of Greeneville*, 38 Tenn.App. 322, 274 S.W.2d 12 (1954); 62 C.J.S. Municipal Corporations § 418; 5 McQuillin, Mun. Corp. (3rd Ed.) § 16.30. And, as is noted in the *Mitchell* case *supra*, the procedure for the enactment of an ordinance set forth in a city's charter generally has been held to be mandatory," but [the procedure] must be given a reasonable construction, one that does not result in frustrating the legislative process at the municipal level." The charter provisions being mandatory, it follows that, unless, in enacting the annexation ordinance, the legislative body of the City of Lafayette substantially complied with the requisite procedure, the ordinance is invalid. *See Perez et al. v. Pawtucket Redevelopment Agency et al.*, 111 R.I. 327, 302 A.2d 785 (1973); *Hallenborg et al. v. Town Clerk of Billerica et al.*, 360 Mass. 513, 275 N.E.2d 525 (1971); *Bill Posting Sign Co. v. Atlantic City*, 71 N.J.L. 72, 58 A. 342 (1904); 5 McQuillin, Mun.Corp. (3rd Ed.) § 16–10, and cases there cited. *Cf. Brumley v. Town of Greeneville*, 38 Tenn.App. 322, 274 S.W.2d 12 (1954).

■ The legislative body of the City of Lafayette—the City Council—consists of six councilmen and the mayor. It appears from the minutes of the Council that it considered and unanimously passed Ordinance 151, the annexation ordinance, in regular meetings held on February 1, 1977, March 1, 1977, and March 15, 1977. The ordinance was read in its entirety in the February 1, 1977, meeting and a copy was given each councilman. In each of the subsequent meetings, there being no amendments to the ordinance, the mayor announced that a vote would be taken on "Ordinance 151, the annexation ordinance." The chancellor concluded this action was sufficient to meet the charter requirements, noting "the City of Lafayette from a practical standpoint is not annexing two or three tracts of land in every meeting, the copy of the ordinance was in the hands of the councilmen, they had not only heard this read at the first meeting, but they had the opportunity to scrutinize it from the first meeting to the second meeting, to the third meeting."

We agree with the chancellor that the City Council, in passing the annexation ordinance, substantially complied with the requisite procedure set forth in the City Charter. From our examination of the record, we have no doubt that each time the councilmen cast their vote for the passage of the annexation ordinance, they were aware of the nature of the matter embodied within the ordinance and of the effect of the ordinance, on passage.

■ Appellants also contend that the City failed to prove the annexation was reasonable from the standpoint of the citizens and property owners of the municipality, a part of the burden placed on the City by T.C.A. § 6–310.

Admittedly, most of the testimony was directed to showing a need for services in the annexed area and the ability of the City to furnish those services. For example, there was testimony showing the annexed area already draws heavily on the City of Lafayette for such needed services, as water, fire protection, and garbage disposal. In addition to these services there was evidence that the city will make fire protection

more available, will upgrade police protection, will inspect and monitor future construction in the area, and will perform needed maintenance on roads. There also was testimony that without the services provided by the City, property in the annexed area will deteriorate, and that its deterioration will adversely affect property within the City.

Further, there was testimony that the annexed area is in need of sewers and that the need will increase as population increases in the area. Even now, residents of the annexed area and of the city are exposed to a potential health hazard from wells in the annexed area contaminated by septic tank flow. Also, a potential health hazard was shown to exist in a part of the city where the septic tank is the only way to disperse sewage. The City of Lafayette has taken affirmative steps to alleviate the health hazard within its city limits by the construction of sewers. Engineering studies have been made, plans have been drawn and application has been filed with the Environmental Protection Agency for necessary funding. The City's need for sewers has resulted in it being given a "top priority for funding" in the State of Tennessee. The plan of services for the annexed area also calls for the construction of sewers as part of the on-going efforts of the City to protect the health of its citizens and those in the annexed area. We think this evidence clearly demonstrates that the annexation was logical and reasonable and to the best interest of both the citizens and property owners of the city and of those in the annexed area.

Decree affirmed. Costs incident to the appeal are adjudged against the appellants and their surety.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.