STATE of Tennessee ex rel. Barbara MORETZ et al., Appellants,

v.

CITY OF JOHNSON CITY, Tennessee, et al., Appellees.

Supreme Court of Tennessee.

March 26, 1979.

Kent Herrin, Johnson City, for appellants.

James H. Epps, III, Powell & Epps, Johnson City, for appellees.

## OPINION

ALLISON B. HUMPHREYS, Special Justice.

Petitioners brought suit under T.C.A. §§ 6–309, 310, in the nature of a quo warranto proceeding, T.C.A. § 23–2801, *et seq.,* to test the validity of a Johnson City ordinance annexing a contiguous area of land on which petitioners resided. The primary contention, which we shall notice first, is that annexation is not necessary for the health, safety, and welfare of the residents and property owners of the territory and the municipality as a whole, and so is contrary to the authorizing code sections and is void.

The city interposed defenses, challenging the right of petitioners to sue and the sufficiency of the petition to state a cause of action. These defenses were coupled with an answer denying the allegations of the

petition and affirming the legality of the ordinance.

At the trial, a jury was assembled as prayed and one of the issues submitted to it was whether or not the annexation ordinance was reasonable for the overall well-being of the communities involved taking into consideration the health, safety, and welfare of the citizens and property owners of the territory proposed to be annexed and the citizens and property owners of the municipality itself.

At the conclusion of the introduction of proof, the city moved to withdraw the issues from the jury and that the court direct a verdict on the ground that the reasonableness of the ordinance was fairly debatable. City's counsel cited *State ex rel. Wood v. City of Memphis,* 510 S.W.2d 889 (Tenn. 1974), and *State ex rel. Balsinger v. Town of Madisonville,* 222 Tenn. 272, 435 S.W.2d 803 (1968).

This motion was sustained, the issues were withdrawn from the jury and the trial judge, applying the "fairly debatable" rule, adjudged the ordinance to be valid.

He predicated his holding on *State ex rel. Hicks v. City of Chattanooga,* 513 S.W.2d 780 (Tenn.1974); *State ex rel. Wood v. City of Memphis, supra; State ex rel. Balsinger v. Town of Madisonville, supra;* and *Morton v. Johnson City,* 206 Tenn. 411, 333 S.W.2d 924 (1960). All of these are cases applying the fairly debatable rule.

The case was appealed, and is here on assignments of error challenging this ruling on authority of *City of Kingsport v. State ex rel. Crown Enterprises,* 562 S.W.2d 808 (Tenn.1978); and *Pirtle v. City of Jackson,* 560 S.W.2d 400 (Tenn.1977).

■ Although it is argued to the contrary by the city, there cannot be any doubt but that the trial judge decided the case on the fairly debatable rule. Nor can there be any doubt that this rule was abrogated by a 1974 Amendment of T.C.A. § 6–310, as recognized in both *Pirtle* and *City of Kingsport.*

In *City of Kingsport* this Court said:

"*The municipality shall have the burden* of proving that an annexation ordinance is reasonable for the overall well-being of the communities involved. (emphasis supplied) This legislative enactment destroyed all presumptions of validity and demolished the 'fairly debatable' rule. As we recently held in *Pirtle v. City of Jackson,* (Opinion filed December 19th, 1977) a Tennessee municipality 'has the burden of proving the reasonableness of its annexation ordinance'." 562 S.W.2d at 812.

Justifying the interment of the rule this Court said: "the demise of the 'fairly debatable' rule is not fairly debatable". *Id.*

■ In fairness to the trial judge and counsel for the parties, it should be noted that the present case was tried prior to this Court's opinion in *Pirtle* and *City of Kingsport* but subsequent to the enactment of the 1974 Amendment. So *Pirtle* and *City of Kingsport* control the disposition of the law question involved in this appeal.

But this doesn't dispose of the case. The city argues that the judgment of dismissal should be affirmed on two grounds: first, that as shown by one of the issues made up for submission to the jury and by statements made by the trial judge from time to time, the effect of the *Pirtle* and *City of Kingsport* holdings was applied in the trial of the case; second, that in any event the result in the case is in accord with the record and, without any question, the annexation is reasonable and meets the standard enunciated by the Court in *City of Kingsport* so the judgment should be affirmed. In other words, it is contended that the evidence is not susceptible of but one interpretation, and that is that the ordinance is reasonable.

■ We cannot follow the first argument. While the record shows that the trial judge made up an issue submitting the reasonableness of the ordinance as a jury question, and from time to time made statements at odds with his ultimate application of the fairly debatable rule, there cannot be the slightest doubt but that he decided the

case on authority of *Johnson City, supra,* and its progeny, and applied with fullest force and effect the fairly debatable rule abolished by the 1974 Amendment.

There is more substance in the city's second argument, that we should decide the case in its favor on the record. As city's counsel points out, there are many cases [one of the latest being *Cherokee Ins. Co. v. United States Fire Ins. Co.,* 559 S.W.2d 337 (Tenn.1977)], which hold that a correct result will not be reversed because the trial judge gave an insufficient or wrong reason therefor.

■ But, these cases are not in point. The point for which these cases stand is simply that when a case has been fully and completely tried, according to applicable jurisdictional and procedural rules, and the right result has been reached, it will not be reversed and remanded because the trial judge gave the wrong reason in reaching the right result. This is not the case we have here. Here, we have a case in which petitioners demanded a jury in accordance with T.C.A. § 21–1011 and Rule 38 T.R.C.P. to try the issue of "reasonableness" of an annexation ordinance, under a statute which puts the burden of proof with respect thereto on the city, only to have the issue withdrawn from the jury and adjudged by the trial judge under an inapplicable rule of law.

When the fairly debatable rule applied, the question whether there was evidence for and against an ordinance was one to be answered by the trial judge. The question whether there is any evidence on an issue is always a law question. So, when a trial judge decided there was evidence for and against the reasonableness of an ordinance, he had to withdraw the case from the jury and uphold the ordinance. This is no longer the situation. Under the amended statute,

. . . The municipality shall have the burden of proving that an annexation ordinance is reasonable for the overall well-being of the communities involved . . . Suit or suits, shall be tried on *an issue to be made up* there, and the question shall be whether the proposed annexation be or be not unreasonable in consideration of the health, safety and welfare of the citizens and property owners of the territory sought to be annexed and the citizens and owners of the municipality. T.C.A. 6–310.

■ The language of the statute, "issues to be made up", is so characteristic of that used in discussing preparation for a trial by jury in a chancery proceeding that it had to be the legislative intention that this issue of reasonableness might be tried by a jury, unless this is prevented by a disqualifying condition.[1] Especially is this the case, since the question of "reasonableness" is a mixed question of law and fact and for the jury, where one is demanded. In 75 Am.Jur.2d *Trial* § 323 it is said, "The ultimate answer to mixed questions of law and fact must come from the jury . . ." This statement is supported by citation of *Tucker v. Spalding,* 80 U.S. 453, 20 L.Ed. 515 (1872). Tennessee cases holding that mixed questions of law and fact are for the jury are: *McElya v. Hill,* 105 Tenn. 319, 59 S.W. 1025 (1900); *Bodley v. Fidelity & Cas. Co.,* 1 Tenn.App. 720 (1926).

■ This being the case, appellants are entitled to have the issue of reasonableness submitted to a jury, unless on remand the proof on the issue brings into play some other rule applying to chancery jury trials which might prevent this. (*See* T.C.A. § 21–1011.)

■ T.C.A. § 27–302 controls our disposition of this case on appeal. It provides that issues of fact in chancery made up on de-

---

1. Some illustrations of the use of the phrase "issues to be made up" can be found in T.C.A. § 23–2815, a provision in the quo warranto remedy employed in this case where it is said, in recognizing that issues of fact in such proceedings may be tried by a jury, that such issues "shall be made up . . . ." T.C.A.

§ 27–302, dealing with chancery jury cases on appeal, says in part "issues of fact in chancery, *made up on demand* . . . ." Gibson's Suits in Chancery, Section 577 says "[t]he issues of fact, to be determined by the jury, *are made up* . . . ." Other illustrations could be given.

mand of either party and tried by a jury according to the forms of law, are not embraced in T.C.A. 27–301, which authorizes this court to re-examine the whole matter of law and fact appearing in the record in a case tried according to the forms of chancery, but shall be reviewed on appeal as law cases are reviewed. So, we can only affirm the judgment, dismissing the petition, if we find as a matter of law that there is no material evidence to support a finding in appellants' favor.

But, we find, as did the trial judge before us, that there is such material evidence. The trial judge, in taking the case from the jury, said: "I think there can be no real honest disagreement that the reasonableness or unreasonableness of the particular annexation is a fairly debateable question. We have heard some eighteen witnesses yesterday and today, about half for the city, in effect saying that the ordinance is reasonable; some eight or nine witnesses for the Plaintiffs or Petitioners to state, in effect at least, that the ordinance is unreasonable." At another point the trial judge said, "some think it is reasonable (referring to ordinance) and some think it is unreasonable and there has been good testimony concerning both sides. That being true, the Court is of the opinion that this is a fairly debateable question."

It is obvious from this, that but for his misunderstanding of the applicable law, the trial judge would have submitted the issue of reasonableness to the jury. And, we can do no less, because there is material evidence supporting appellants' case. Moreover, the question of any material evidence should be passed on first by the trial judge, and reach us on assignment of error.

The only other assignment we need notice contends the ordinance is void because two of the city commissioners who voted for its passage, actively sought its approval in the statutorily prescribed public hearing held prior to the vote on the ordinance.

Since commissioners exercise only legislative powers, prior or presently held attitudes or opinions in regard to legislation they are to act on are of no consequence in adjudging the legality of their actions. Most legislators seek office on promises of future conduct or action with respect to political issues, and when there, vociferously advocate their enactment. This is their right. It is a part of the political system. While fewer promises and more performance would unquestionably be beneficial, any rule limiting a legislator's freedom to promise and advocate would violate first amendment rights.

The case is remanded for trial on the issue prescribed by the amended statute. On remand, the present record may be used and any other relevant, competent evidence may be introduced by either party. The cost of this appeal is adjudged against the city.

FONES, COOPER, BROCK and HARBISON, JJ., concur.

