The Honorable Cecile Bledsoe State Representative P.O. Box 2457 Rogers, Arkansas 72756-2457
Dear Representative Bledsoe:
This is in response to your request, on behalf of a constituent, for an opinion on the following fact situation and question:
 The Benton County Quorum Court approved the 2001 budget on 12-27-00. It included raises for all of the constitutional officers, except for coroner. The raises had been removed from previous drafts of the budget, but were included in the final draft, which was subsequently approved. Members of the quorum court and the County Judge were not aware that the raises had been reinstated. Would A.C.A. § 14-14-1203(d) prevent the quorum court from amending the 2001 budget and returning the salaries of the constitutional officers to the original 2000 budget level?
By way of further explanation, the following information is enclosed with your request: "The Quorum Court meeting held on 12-27-00 was in the middle of the `ice storm.' Several of the JP's were picked up by National Guard Vehicles due to icy conditions. The `final draft' of the budget was presented to the JPs at the beginning of the meeting. They were given just a few minutes (15-30) to review before they were asked to vote on it. It was only after a detailed review the next day that it was discovered that the salary increases had been `inserted' into the final draft of the budget."
RESPONSE
In my opinion A.C.A. § 14-14-1203(d) prohibits any "decrease" in the current salary levels from becoming effective until January 1 following the 2002 general election. This is true absent some evidence of fraud or bad faith which could be proven in a court of law in an effort to nullify the ordinance.
The statute you cite, A.C.A. § 14-14-1203 (Repl. 1998), governs the compensation and expense reimbursement of county officers and employees. Subsection (d) of the statute provides as follows:
 (d) DECREASES IN SALARY. Any decrease in the annual salary or compensation of a county officer shall not become effective until January 1 following a general election held after such decrease shall have been fixed by the quorum court of the county.
This statute was presumably included in the "County Government Code" to extrapolate upon a similar requirement in Amendment 55 to the Arkansas Constitution, which states, with regard to the compensation of county officers, that: "[c]ompensation shall not be decreased during a current term. . . ." Amendment 55, § 5.
Under the facts you recite, the county quorum court, albeit unintentionally, approved a salary increase for most of the county constitutional officers in late December 2000. Although it is not indicated in your request, I assume that this salary increase was effective immediately (or perhaps beginning January 1, 2001). See A.C.A. § 14-14-907(f) (providing for immediate effectiveness of "appropriation" ordinances upon passage by the quorum court and approval by the county judge). I further assume that the increased salaries are in fact now being paid in the current terms of the officers. Any subsequent effort by the quorum court to immediately reduce these current salaries would therefore amount to a salary "decrease" and would in my opinion violate both A.C.A. § 14-14-1203(d) and Amendment 55.
I have scoured the law books for any basis on which the ordinance might be challenged under the facts you recite. It is sometimes stated as a general rule that courts will not inquire into the motives of or inducements to legislators that may influence them in the passage of acts or resolutions. See, e.g., Piekarski v. Smith, 38 Del. Ch. 402,153 A.2d 587 (1959). An exception employed by some courts allows municipal ordinances or resolutions to be attacked if fraud or bad faith is proven. Id. "But the fraud or bad faith required to be shown refers to conduct of the legislators, not to conduct of third persons." Id. at 591. "That is immaterial for `the validity and effect of legislative acts is not to be determined by the inducements that led to their enactment.'"Id. at 591, quoting Rosenberg v. Village of Whitefish Bay, 199 Wis. 214,225 N.W. 838, 840 (1929); and citing 5 McQuillen, Municipal Corporations
§ 16.90. See also Brumley v. Town of Greenville, 38 Tenn. App. 322,274 S.W.2d 12 (1954).
You have not indicated any facts evidencing fraud or bad faith on the part of any interested persons. This type of argument, in any event, is necessarily fact-intensive and thus could only be addressed to a court of competent jurisdiction. Absent any such showing, I am constrained to conclude that A.C.A. § 14-14-1203(d) prevents a reduction in salaries effective before January 1, 2003.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh